IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BOBBIE GREEN                                                                    PLAINTIFF

VS.                                        CASE NO. 07-CV-4032

CITY OF TEXARKANA,
ARKANSAS, et al.                                                               DEFENDANTS

## ORDER

Before the Court is a Petition for Attorney Fees filed by Plaintiff. (Doc. 69). Defendants Todd Harness and Holly Monroe have responded. (Doc. 70). Plaintiff filed a reply. (Doc. 72). The Court finds the matter ripe for consideration.

Plaintiff brought a cause of action against Defendants, pursuant to 42 U.S.C. § 1983, for violation of her constitutional rights. After a trial, a jury rendered a verdict in favor of Plaintiff and awarded her $2,000 in actual damages and $2,000 in punitive damages. Plaintiff now requests an attorney fees award in the amount of $34,909.85 plus costs in the amount of $612.50. Under 42 U.S.C. § 1988(b), the Court may award attorney fees to a party who prevails on a § 1983 action. *Murray v. City of Onawa, Iowa*, 323 F.3d 616, 619 (8th Cir. 2003). Here, the hourly rates noted by Plaintiff are not in dispute; however, Defendant argues that the attorney fees sought are excessive, given the relative simplicity of the case and issues, the short time in which the case was tried, and the degree of success obtained.

The starting point for determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). The Court has reviewed Plaintiff's documentation supporting her claim for attorney fees and agrees with Defendant that the request for attorney fees is excessive.

According to Plaintiff's attorneys, the preparation of Plaintiff's case involved 122.7 hours of work performed by two attorneys. However, in the Court's view, the complexity of the issues in this case did not warrant the amount of hours spent on this case. This case did not involve any novel issues or complex questions of law or fact. The Court finds it reasonable and appropriate to reduce the hours expended by each of Plaintiff's attorneys by one-fourth, while leaving the hourly rates undisturbed. Using the adjusted number of hours, and multiplying by the respective hourly rates, the Court arrives at the following lodestar calculation: a fee of $17,600 for Mr. Steve Westerfield and a fee of $8,400 for Mr. Hurst.

"The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933 (1983). Here, Plaintiff prevailed on her claims against only one of the two Defendants in this case. However, her claims for relief involved a common core of facts based on the same legal theory. Most, if not all, of the time expended by counsels for Plaintiff was devoted to the litigation as a whole as opposed to separate claims against each Defendant. Plaintiff obtained favorable results. The Court concludes that no other upward or downward adjustments are mandated in this case. The Court further concludes that a reasonable attorney fees award in this case is $26,000. Accordingly, the Court awards Plaintiff's attorneys $26,000 in attorney fees, together with $612.50 in costs.

**IT IS SO ORDERED**, this 14th day of April, 2010.

                                                         /s/ Harry F. Barnes
                                                        Hon. Harry F. Barnes
                                                        United States District Judge